**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| JIMMY LEON HENSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CIVIL NO. 7:11-CV-085-HL-TQL |
| | : | |
| WARDEN DANFORTH, et al., | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. | : | BEFORE THE U.S. MAGISTRATE JUDGE |

## ORDER & RECOMMENDATION

Plaintiff **JIMMY LEON HENSON**, a prisoner at Phillips State Prison in Buford, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. Therein, Plaintiff alleges that he was severely beaten while incarcerated at Valdosta State Prison. According to the Complaint, two "John Doe" officers witnessed the events and failed to take any action to assist or to protect him. Plaintiff also names six Defendants other than the two "John Does" referenced in the allegations: Warden Danforth, Deputy Warden McLaughlin, Deputy Warden Philbin, Captain Main,[1] Sergeant Morgan, and Officer Miles.

On July 6, 2011, this Court ordered Plaintiff to supplement his Complaint by describing the specific actions taken by each of these named Defendants or the duties they failed to perform that allegedly violated his constitutional rights. Plaintiff was also instructed to identify the John Doe Defendants with as much detail as possible so that they could be identified for service. Plaintiff filed his Supplement on July 28, 2011, and moved for the appointment of counsel.

---

[1] Though the Docket identifies this Defendant as "Captain Maine," Plaintiff lists him as "Captain Main" in the Complaint. Until advised otherwise, the Court will assume Plaintiff's spelling is correct.

1

Having now reviewed Plaintiff's Complaint [Doc. 1] and Supplement [Doc. 6] pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff sufficiently states claims against **Officer Miles**, **Sergeant Morgan**, and **Warden Danforth** for violations of his Eighth Amendment rights. Those claims will be allowed to proceed beyond the frivolity review stage. It is **RECOMMENDED**, however, that Plaintiff's Eighth Amendment claims against **Officers John Doe #1** and **#2**, **Captain Main, Deputy Warden McLaughlin**, and **Deputy Warden Philbin** and any attempted claims for injunctive relief be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915A(b)(1). Plaintiff's Motion for Appointment of Counsel [Doc. 7] is **DENIED**.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in §1915A "shall" be dismissed on preliminary review).

## STATEMENT AND ANALYSIS OF CLAIMS

In the present action, Plaintiff alleges that he was denied access to his cell, physically threatened, and severely beaten with a pipe while incarcerated at Valdosta State Prison. According to the Complaint, Plaintiff was directed to move to a new cell on February 15, 2010, and when he arrived, two inmates were already in the cell. Plaintiff told **Officer John Doe #1** about the situation twice, and he was finally told to "just find a room." Plaintiff found a room that night, but complained to a second unnamed officer, **John Doe Officer #2**, the following morning. That officer spoke with the inmates who were in Plaintiff's cell.

Afterwards, Plaintiff was called to the cell, and when he arrived, one of the inmates put a knife to Plaintiff's throat and told him to "leave or get stuck up (stabbed)." At that time or sometime thereafter, the inmates were called to lunch. When Plaintiff returned to the cell to get his I.D. and coat, someone (presumably another inmate) hit him from behind with a pipe. Plaintiff screamed for **John Doe Officer #2** to help, but the officer just turned away. Plaintiff's attacker proceeded to beat

3

him about the face and body. Plaintiff further alleges that another officer, **Officer Miles**, also allowed Plaintiff "to be attacked while he watched from the door and told [the inmates] to kill each other." At some point during the attack, Plaintiff blacked out. He later awoke, covered in blood, and saw **John Doe Officer #2** standing over him, shaking his head. The officer walked away but returned a few minutes later, telling Plaintiff to "pack it up" and that medical was on the way. Once they were out of the building (presumably on the way to get medical treatment), **John Doe Officer #2** allegedly said, "I don't know what you did for those guys to do that but we don't do the telling thing at Valdosta."

Medical personnel stopped Plaintiff's bleeding and sent him to the hospital. There, Plaintiff was told that he had fractures to his cheekbone, eye socket, temple, and sinus and that he would need reconstructive surgery. Despite the severe injuries, Defendant **Captain Main** did not have photographs taken of Plaintiff after the attack and did not allow Plaintiff to identify his attackers or make a statement about the attack.

Plaintiff further alleges that Defendants **Captain Main**, **Sergeant Morgan**, and **Warden Danforth** failed to ensure his safety prior to this attack despite a known threat of danger to Plaintiff. **Sergeant Morgan** apparently allowed Plaintiff to be moved to a multi-prisoner cell even though Plaintiff was "on involuntary P.C." and was thus to be housed only in a "one man cell." **Warden Danforth** also allegedly knew Plaintiff's safety was at risk in the general population because of numerous "first hand requests to be on P.C." Plaintiff further charges that **Deputy Warden McLaughlin** and **Deputy Warden Philbin** have, since the attack, denied Plaintiff "P.C." in violation of his civil rights.

According to the Complaint, Plaintiff still suffers from impaired vision in his right eye and has since required mental health medication. Plaintiff claims that he experiences severe pain and mental duress in the form of "Agrophobia" (presumed to be Agoraphobia) and "Bipolar" disorder.

Based upon the allegations in the Complaint, the Court assumes that Plaintiff is attempting to assert Eighth Amendment "failure to protect" claims against all Defendants: Officers **John Doe #1** and **#2**, **Warden Danforth**, **Deputy Warden McLaughlin**, **Deputy Warden Philbin**, **Captain**

4

**Main**, **Sergeant Morgan**, and **Officer Miles**. Plaintiff may have also intended to state an Eighth Amendment "failure to intervene" claim against **Officer Miles**.

Before addressing the substance of Plaintiff's claims, however, the Court must **RECOMMEND** that Defendants **John Does #1** and **#2** be **DISMISSED** from this action. As Plaintiff has been previously advised, "fictitious party practice is not permitted in federal court." New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n. 1 (11th Cir.1997). An exception may only be made if a plaintiff is able to adequately describe the person to be sued so that he or she can be identified for service. See Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir.1992). Thus, Plaintiff was previously advised to identify the officers in some way which would enable the Court to ascertain who he is trying to name and who to serve with a copy of the Summons and Complaint. Unfortunately, it appears that Plaintiff was unable to do this, and thus, the officers may not remain parties to this action. Should Plaintiff later learn the identities of these officers (either by first or last name or by description), the Court will consider a motion for leave to add such parties to this action.

With respect to the claims asserted against the remaining Defendants, this Court is required to construe the allegations in Plaintiff's *pro se* Complaint liberally. Phillips v. Mashburn, 746 F.2d 782, 784 (11th Cir. 1984). As noted above, the Court construes Plaintiff's Complaint as attempting to state Eighth Amendment claims for "failure to protect" against each Defendant. It is, of course, well-settled that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828-29, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994). Prison officials, therefore, have a duty to protect prisoners from each other. Id. at 833. However, in order to constitute "deliberate indifference," the prison official must have subjective knowledge of the risk of serious harm to the plaintiff and nevertheless fail to reasonably respond to the risk. Id. at 837-38. A prison official must also have a sufficiently culpable state of mind to be deliberately indifferent. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003).

Based on the allegations made in his Complaint and the Supplement thereto, the Court finds that Plaintiff sufficiently states failure to protect claims against Defendants **Officer Miles**, **Sergeant**

**Morgan**, and **Warden Danforth**. Plaintiff sufficiently alleges that these individuals had personal knowledge of a risk of serious harm to Plaintiff but failed to reasonably respond to the risk. The Court further finds that Plaintiff has also sufficiently stated an Eighth Amendment "failure to intervene" claim against **Officer Miles** based upon his allegedly allowing Plaintiff to be beaten with a pipe "while he watched from the door." The Court, therefore, will allow these claims to proceed beyond the frivolity review stage.

Plaintiff does not allege that Captain Main, Deputy Warden McLaughlin or Deputy Warden Philbin had any personal knowledge of any risk of harm to Plaintiff prior to the attack. He merely alleges that Captain Main failed to take photographs or Plaintiff's statement after the attack, and that Deputy Warden McLaughlin and Deputy Warden Philbin have since denied him "P.C." The Court thus **RECOMMENDS** that any Eighth Amendment claims against **Captain Main**, **Deputy Warden McLaughlin** and **Deputy Warden Philbin** be **DISMISSED** for failure to state a claim.

In the event Plaintiff is instead attempting to state a claim for injunctive relief requiring Defendants to take Plaintiff's statement or place him in protective custody, the allegations in his Complaint fail to state such a claim. Under established law in this Circuit, a prisoner's claim for injunctive relief is mooted by his transfer to another prison. Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Because Plaintiff is now incarcerated at Phillips State Prison, it is **RECOMMENDED** that any claim for injunctive relief be **DISMISSED** as well.

Plaintiff's pending Motion for Appointment of Counsel [Doc. 7] is viewed by the Court as being premature and is thus **DENIED**. Generally speaking, no right to counsel exists in civil rights actions. See Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1986); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). It is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). Until such time as the Court has an opportunity to review the responsive pleadings of the Defendants, it cannot properly evaluate Plaintiff's need for counsel.

Should it become apparent later on in the proceedings that counsel needs to be appointed, the Court will entertain a renewed motion.

## CONCLUSION

Accordingly, it is hereby **RECOMMENDED** that any Eighth Amendment claims against **John Does #1** and **#2**, **Captain Main**, **Deputy Warden McLaughlin,** and **Deputy Warden Philbin** be **DISMISSED without prejudice**, under 28 U.S.C. §1915A(b)(1), for failure to state a claim. In the event Plaintiff is attempting to state claims for injunctive relief, it is further **RECOMMENDED** that those claims also be **DISMISSED without prejudice** for failure to state a claim. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Recommendation.

Because the Court finds that Plaintiff has sufficiently stated Eighth Amendment claims against **Officer Miles**, **Sergeant Morgan**, and **Warden Danforth**, this action shall go forward, but only against these three Defendants for the claims identified herein. Plaintiff's Motion for Appointment of Counsel [Doc. 7], however, is **DENIED**.

This Court previously granted Plaintiff's Motion to Proceed *in forma pauperis*. Plaintiff is, nonetheless, still obligated to pay his filing fee, as discussed later in this Order and Recommendation. The Clerk is accordingly **DIRECTED** to send a copy of this Order and Recommendation to the business manager of the facility where Plaintiff is currently incarcerated.

It is further **ORDERED** that service be made against these 3 Defendants and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of their duty to avoid unnecessary service expenses and of the possible

imposition of expenses for failure to waive service pursuant to Rule 4(d).  **All parties shall further take note of the rules and requirements discussed below.**

### **DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### **DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### **FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL

PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter

released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 9th day of August, 2011.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

jlr