## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| JIMMY LEON HENSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | 7 : 11-CV-85 (HL) |
| | : | |
| WILLIAM DANFORTH, *et al.,* | : | |
| | : | |
| Defendants. | : | |
| | : | |

## RECOMMENDATION

Presently pending in this *pro se* prisoner action brought pursuant to 42 U.S.C. ▪ 1983 is Defendants' Motion to Dismiss. (Doc. 15).

### Background

Plaintiff filed this action alleging that Defendants, employees of Valdosta State Prison ("VSP") at the time of the alleged offense, acted with deliberate indifference to a substantial risk of harm to Plaintiff, violating his Eighth Amendment rights. (Docs. 2, 6).   Plaintiff states that he was hit in the back of the head with a pipe, and then "beat about [his] face and body[.]"   Plaintiff alleges that Defendant Jimmy Miles, a correctional officer at VSP, failed to intervene, in that, Defendant Miles allowed Plaintiff to be beaten while he watched from the door.   (Doc. 6).   Additionally, Plaintiff maintains that Defendant Miles, Defendant Carl Morgan, a sergeant at VSP, and Defendant William Danforth, the Warden at VSP, were deliberately indifferent to a serious risk of harm to Plaintiff because they knew of a known threat of danger, but failed to take action.

As a result of the attack, Plaintiff alleges he had fractures to his face, and now suffers from impaired vision, is on mental health medication, and has been diagnosed with agoraphobia and severe bi-polar disorder.

**Discussion**

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level" *Bell Atlantic Corp.   v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal,* 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action.   The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. ' 1997e (a).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

Plaintiff states in his Complaint that he filed a grievance but was told he had too many issues in his grievance.   (Doc. 2).   Plaintiff did not file a response to Defendants' Motion to Dismiss, and Plaintiff has not alleged that he fully exhausted the administrative remedies available to him.   Thus, a review of the factual allegations in Defendants= Motion and Plaintiffs= Complaint do not appear to reveal a conflict.

However, construing Plaintiffs= pleading liberally, it appears Plaintiff could be asserting in his Complaint that he was unable to exhaust his administrative grievance because VSP would not accept his grievance.   (Doc. 2).   As it is unclear if Plaintiff is alleging that he was unable to exhaust administrative remedies, in an abundance of caution, the Court will proceed with the second step of the analysis and make specific findings in order to resolve any disputed factual issues.

Complete administrative exhaustion is a precondition to filing a lawsuit. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).   AAn inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper.@ *Woodford*, 548 U.S. at 89-92.   To remedy a prison complaint, Plaintiff is required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal.   Georgia Dep=t of Corrections SOP IIB05-001 § VI.   Administrative remedies must be exhausted at the time the legal action is brought.   *Goebert v. Lee County*, 510 F.3d 1312, 1324 (11th Cir. 2007).

Defendants contend, and support with an affidavit from the Deputy Warden of Care and Treatment at VSP, that Plaintiff did not exhaust any grievances regarding the allegations stated in the Complaint. (Doc. 15-2, Philbin Affidavit).   The affidavit testimony establishes the presence of a grievance system at VSP, and that Plaintiff filed one grievance while housed at VSP, which Defendants have provided to the Court.   (*Id.* at ¶ 15).

On March 30, 2010, Plaintiff filed grievance number 46748 complaining that Plaintiff was

3

attacked by inmates on February 16 and March 25, 2010.   (Docs. 15-2, Philbin Affidavit, ¶ 16; 15-5).

 The informal grievance was rejected because Plaintiff's grievance did not follow prison grievance

procedures; in that, Plaintiff grieved more than one issue and it appeared that the grievance was not

timely filed.   (Docs. 15-2, Philbin Affidavit, ¶ 17; 15-6).   Plaintiff did nothing further to pursue this

grievance after the initial filing and rejection of this informal grievance.   In order to properly exhaust

administrative remedies, Plaintiff must follow the procedural guidelines in place. *See Woodford*, 548

U.S. at 90 (proper exhaustion requires the plaintiff to comply with procedural rules).   Plaintiff did not

fully exhaust grievance number 46748 because he did not file a formal grievance and an appeal.

Plaintiff has failed to refute Defendants' evidence that Plaintiff failed to exhaust the

administrative remedies available to him.   The Court finds that Plaintiff has not exhausted the claims

underlying this lawsuit, in that, he failed to utilize the available administrative remedies to grieve the

alleged offenses of the Defendants.   Accordingly, it is the recommendation of the undersigned that

Defendants' Motion to Dismiss be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the

recommendation contained herein with the Honorable Hugh Lawson, United States District Judge,

WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 5th day of April, 2012.

s/ ***THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**

llf

4